UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Mother Doe as parent
and next friend of
John Doe

    v.                                  Civil No. 16-cv-396-JL
                                      Opinion No. 2016 DNH 205

Phillips Exeter Academy

**ORDER**

Plaintiff Mother Doe, as parent and next friend of minor John Doe, seeks leave to amend her complaint after jury selection and mere days before the beginning of the trial in this action. As discussed below, the court concludes that plaintiff has not demonstrated good cause to amend at this juncture, as plaintiff's proposed amendments are both tardy and futile. Accordingly, the court denies that motion.

Plaintiff filed this action on August 30, 2016. Plaintiff initially sought a preliminary injunction, asking the court to order PEA to allow John Doe to return to school for the fall trimester. On the eve of the preliminary injunction hearing, the parties agreed instead to an expedited schedule, provided that trial occur before PEA's winter trimester begins in

December 2016.[1]  Under the court's order setting forth that expedited schedule, plaintiff was given until September 27, 2016, to amend her complaint, which she did.[2]  Around the same time, defendant moved for a protective order preventing disclosure of the investigative report concerning the encounter between John Doe and another student, Jane Roe, that gives rise to this action.[3]  After multiple telephone conferences between the court and counsel on October 4 and October 6, the defendant produced that report to the plaintiff's counsel on an attorneys'-eyes-only basis October 6.  The court subsequently issued its order denying the defendant's motion for a protective order.[4]

Plaintiff Mother Doe, as parent and next friend of minor John Doe, now moves to amend her complaint to add: (1) theories of contractual breach and breach of the covenant of good faith and fair dealing arising from the report; and (2) a claim for

---

[1] See Joint Discovery Plan and Schedule (doc. no. 22); Order of Sept. 14, 2016 (doc. no. 23).

[2] Order of Sept. 14, 2016 (doc. no. 23); First Amended Compl. (doc. no. 26).

[3] As the court discussed the report at some length in its order denying that protective order, it need not and does not repeat that discussion here.  See Order of Oct. 14 (doc. no. 44).

[4] Order of Oct. 13, 2016 (doc. no. 44).

specific performance.  A party seeking to amend its pleadings after the relevant deadline has passed, as Mother Doe does, must seek a modification of the court's scheduling order.  See United States ex rel D'Agostino v. EV3, Inc., 802 F.3d 188, 192 (1st. Cir. 2015).  At such a time, the court's imposed schedule "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "focuses on the diligence (or lack thereof) of the moving party more than it does on any prejudice to the party-opponent," Steir v. Girl Scouts of the USA, 383 F.3d 7, 12 (1st Cir. 2004), though "prejudice to the opposing party remains relevant," O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, 155 (1st Cir. 2004).

    Plaintiff first seeks to amend her complaint to add, in effect, the claim, and underlying factual allegations, that PEA breached the contract and/or the covenant of good faith and fair dealing because the investigator's conclusion that John committed sexual harassment under the EBook's definition is not supported by the investigator's factual findings.[5]  The plaintiff's request is not entirely unreasonable.  She has raised, since the beginning of this lawsuit, the relevance of

---

[5] See Proposed Second Amended Compl. (doc. no. 74-2) ¶¶ 7, 43, 73-74, 103, 109.

3

the investigator's report and the defendant's reliance on it in placing John Doe on dean's leave and subsequently asking him to withdraw from the school.  She did not receive that report in discovery until after the deadline to amend pleadings, which delayed her amendment on the basis of its contents.  That amendment was further delayed by the unfortunate passing of Father Doe on October 19, to which the court is sympathetic.

All the same, the prejudice of amending the complaint at this late hour weighs in favor of denying the plaintiff's motion.  By the time plaintiff filed her motion, the court had selected a jury, the parties had filed pre-trial statements and proposed jury instructions, and had filed and objected to motions in limine, and the defendant had filed its pre-trial memorandum (trial brief).  Plaintiff, on the other hand, was aware of the import of the investigative report from well before this action began.[6]  Plaintiff's counsel received the report on October 6, a full month before plaintiff moved to amend.  And, plaintiff's counsel represented at the chambers conference held the following Tuesday, October 11, that the plaintiff believed the investigator's findings did not support her ultimate conclusion.  While a month may be a short period in the timeline

---

[6] Mot. to Amend (doc. no. 74) at 6.

of a case on a normal track, it amounts to a full half of the schedule of this case.  And it afforded plaintiff ample time to draft the small handful of amendments on that subject that plaintiff now proposes.  Accordingly, the court finds plaintiff's proposed amendment to be unduly late in the context of this action.

In addition to its lateness, plaintiff's proposed amendments based on the investigator's report would also be futile.  In effect, these counts seek appellate review of the investigator's factual findings and conclusions.  That is not the court's role in contract-based cases such as this.  See Doe v. Brown Univ., No. 16-017, 2016 WL 5409241, at *1 (D.R.I. Sept. 28, 2016) ("This Court is not a super-appeals court for sexual misconduct cases, nor is it an advisor to [the school] on how it should handle these messy and unfortunate situations."); see also Yu v. Vassar Coll., 97 F. Supp. 3d 448, 461 (S.D.N.Y. 2015) ("The Court's role, of course, is neither to advocate for best practices or policies nor to retry disciplinary proceedings"); Gomes v. Univ. of Maine Sys., 365 F. Supp. 2d 6, 14 (D. Me. 2005) (not the court's task "to make an independent determination about" the underlying events).

Plaintiff's proposed amendment to include a count for specific performance[7] is likewise denied. This is -- and has been since the initial complaint -- an action for breach of contract. Plaintiff has also consistently requested injunctive relief, including performance of the contract. Accordingly, plaintiff's attempt to add specific performance as a separate count is futile. To the extent it were not, plaintiff had every opportunity to include this requested remedy in its previously-filed complaints, and thus any addition at this late-stage is tardy. This denial, however, is without prejudice to plaintiff's ability to request such relief as a remedy under plaintiff's breach of contract count to the extent that it was sufficiently asserted in the First Amended Complaint and is supported at trial and in any accompanying hearing regarding equitable relief.

Finding that plaintiff has not demonstrated good cause for amending the scheduling order so as to amend her complaint on the eve of trial, the court denies that motion.[8]

---

[7] Proposed Second Amended Compl. (doc no. 74-2) ¶¶ 125-129.

[8] Doc. no. 74.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:    November 10, 2016

cc:  Megan Deluhery, Esq.
     Max D. Stern, Esq.
     Corrina L. Hale, Esq.
     Samantha Dowd Elliott, Esq.
     W. Daniel Deane, Esq.
     Steven M. Richard, Esq.
     Emily L. Sy, Esq.