```
              UNITED STATES DISTRICT COURT
               DISTRICT OF NEW HAMPSHIRE
```

Father Doe and Mother Doe as
Parents and next friends of
John Doe

    v.                                Civil No. 16-cv-396-JL

Phillips Exeter Academy

**ORDER**

The court held a trial in this action on November 14, 2016 through November 18, 2016. The jury returned a verdict in the Does' favor on claims of breach of contract, breach of the implied covenant of good faith and fair dealing, and promissory estoppel. In lieu of a monetary award of damages, the jury set forth several categories of damages, including:

(1) "reimbursement of third trimester tuition at Exeter";

(2) "reimbursement of cost to complete conditions of Dean's Leave"; (3) "legal fees and expenses for the immediate[] family associated with the trial"; and (4) "reimbursement of travel expenses associated with the 7/5-7/15 visit to Exeter to discuss withdraw with Principal MacFarlane."[1] The parties agree that New Hampshire law does not authorize attorneys' fees as a remedy for

---

[1] Jury Verdict (doc. no. 96) at 3. The jury also included, as a fifth category, that the Academy "modify transcript of John Doe from Dean's Leave to Medical Leave." As the parties acknowledge, such equitable relief is not within the jury's purview.

Does' claims.[2] By the parties' agreement, and based on the evidence presented at trial,[3] the court calculates that the Does' damages in the remaining three categories amount to $27,904.00, and orders that the defendant pay this sum to the Does.

The Does also seek specific performance of the contractual obligations in this action, which the jury found the defendants to have breached, and performance of the promise that the jury found enforceable (promissory estoppel). Specifically, the Does ask for an injunction reinstating John Doe as a student at the Academy. The Does bear the burden of demonstrating, among other things, that they have "suffered an irreparable injury," and that "remedies available at law, such as monetary damages, are inadequate to compensate for that injury." CoxCom, Inc. v. Chaffee, 536 F.3d 101, 112 (1st Cir. 2008) (quoting eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 391 (2006)); see also Tuttle v. Palmer, 117 N.H. 477, 478 (1977) (specific performance available only when there is no "adequate remedy at law"). Though the Does presented some evidence on this point at trial, their presentation of evidence did not focus on this matter of equity, which was not within the jury's purview. The court is

---

[2] Plaintiff's Mem. in Supp. of Equitable Relief (doc. no. 100) at 13; Defendant's Post-Trial Memorandum (doc. no. 101) at 4-5.

[3] See Tr. Ex. 63.

inclined to take further evidence on the adequacy of the jury's legal remedy, and the availability of specific performance as a remedy in this case.

Accordingly, the court orders an evidentiary hearing on the availability of an adequate remedy at law and appropriateness of specific performance to be held on **January 13, 2017, at 9:30 a.m.** In order to avoid unnecessary harm in the meantime, court orders John Doe reinstated at the Academy pending that hearing.

**SO ORDERED.**

_____
Joseph N. Laplante
United States District Judge

Dated:   November 30, 2016

cc:   Max D. Stern, Esq.
      Megan C. Deluhery, Esq.
      Corrina L. Hale, Esq.
      Samantha Dowd Elliott, Esq.
      Steven M. Richard, Esq.
      W. Daniel Deane, Esq.
      Emily L. Sy, Esq.